1
2
3

4                          UNITED STATES DISTRICT COURT

5                              DISTRICT OF NEVADA

6

7    DOMINIC RONALDO MALONE,                    Case No. 2:24-cv-00865-RFB-DJA

8                             Plaintiff,         **ORDER**

9         v.

10   JULIE WILLIAMS,

11                            Defendant.

12

13        Plaintiff Dominic Ronaldo Malone brings this civil-rights action under 42 U.S.C. § 1983

14   to redress constitutional violations that he claims he suffered at High Desert State Prison. ECF No.

15   1-1. On February 6, 2025, this Court ordered Malone to update his address by March 10, 2025.

16   ECF No. 8. That deadline expired without an updated address from Malone, and his mail from the

17   Court is being returned as undeliverable. ECF No. 9. Malone was warned that failure to update his

18   address by the deadline would result in the dismissal of this action. The Court now dismisses this

19   action without prejudice due to Malone's failure to update his address.

20   I.    **DISCUSSION**

21        District courts have the inherent power to control their dockets and "[i]n the exercise of

22   that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.

23   Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may

24   dismiss an action based on a party's failure to obey a court order or comply with local rules. See

25   Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply

26   with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal

27   Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In

determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Malone's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by Yourish). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986).

Because this action cannot realistically proceed without the ability of the Court or Defendants to send Malone case-related documents, filings, and orders, and litigation cannot progress without Malone's compliance with this Court's orders, the only alternative is to enter a

second order setting another deadline. But without an updated address, the likelihood that the second order would reach Malone is low, so issuing a second order will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.    CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

Therefore, **IT IS ORDERED** that this action is **DISMISSED** without prejudice based on Malone's failure to file his updated address in compliance with this Court's February 6, 2025, (ECF No. 8) Order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case, other than any motion for reconsideration as described below. If Malone wishes to pursue his claims, he must file a complaint in a new case.

**IT IS FURTHER ORDERED** that Malone may move to reopen this case and vacate the judgment by filing a motion for reconsideration of this order within 28 days of its entry. In this motion, the Malone is required to explain what circumstances led to his failure to update his address in accordance with this Court's Order. If the Court finds there to be good cause or a reasonable explanation therein, the Court will reopen the case and vacate the judgment.

**DATED**: April 24, 2025.


_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**